**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Gerald Phillip WOOTEN, Defendant—Appellant.**

**No. 03–40735.**

**SUMMARY CALENDAR**

United States Court of Appeals, Fifth Circuit.

DECIDED: March 29, 2004.

Randall Lynn Fluke, Assistant US Attorney, US Attorney's Office, Beaumont, TX, for Plaintiff–Appellee.

Gerald Phillip Wooten, Beaumont, TX, for Defendant–Appellant

Before REYNALDO G. GARZA, HIGGINBOTHAM, and DEMOSS, Circuit Judges.

GARZA, Circuit Judge.[1]

In this appeal, we review the district court's denial of Defendant—Appellant, Gerald Phillip Wooten's, motion pursuant to FED. R. CRIM. P. 6(e)(3)(E)(i) and (ii) to disclose grand jury testimony.

We review the denial of a motion for disclosure of grand jury testimony for an abuse of discretion. *United States v. Miramontez*, 995 F.2d 56, 58 (5th Cir.1993). The burden is on Wooten to show that a particularized need exists for the grand jury testimony that outweighs the policy of secrecy in regards to these materials. *Id.* The request must amount to more than a request for authorization to engage in a fishing expedition. *In re Grand Jury 95–1*, 118 F.3d 1433, 1437 (5th Cir.1997).

Wooten has demonstrated no particularized need for the grand jury transcripts. *See Miramontez*, 995 F.2d at 59. He has also failed to show that he sought to challenge his indictment and conviction at the earliest possible time. *See United States v. Cathey*, 591 F.2d 268, 271 n. 1 (5th Cir.1979). Therefore, the district court did not abuse its discretion in denying Wooten's motion for disclosure of the grand jury transcripts. The district court's judgment is affirmed.

---

1. Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.